CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 21 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALVIN O. WILLIAMS, SR., ) | Civil Action No. 7:14-cv-00073 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| CAPTAIN B. RUSSELL, et al., ) | By: | Hon. James C. Turk |
| Defendants. ) | | Senior United States District Judge |

Calvin O. Williams, Sr., a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names Conmed Healthcare Management, Inc. and various correctional and medical staff at the Western Virginia Regional Jail ("Jail") as defendants. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff alleges in the Complaint:

> I was prescribed 6 different [blood pressure] meds without evaluation or examination by anyone or med staff. This has nothing to do with meds bridged from [Roanoke] Co[unty]. How was I diagnosed? Don't I have to be seen?
>
> I made a request to see Dr. Ali 11-21-13[,] request denied. Instead, [I] was seen by [Physician Assistant] Stevens. I complained of feeling sick, weak, tired, sore muscles, dry cough, drowsiness, and nausea. I was told by PA Stevens that my meds would stay the same and my body would adjust to the way I felt.
>
> I made a request for hemorrhoid meds 12-24 [and] again [on] 12-26. On 1-2-14[,] I was probed by Dr. Ali and told because nothing was hanging from my anus I did not have [hemmor]rhoids. I have asked for a grievance twice for reprisal by med staff. Until this date 1-18-14, I have still not been treated for [hemmor]rhoids.

Compl. 2.

Plaintiff's grievances, which are not incorporated into the Complaint, reveal Plaintiff's dissatisfaction with having to work with a physician assistant instead of a doctor, with receiving different medications, and the physician assistant's recommendation that Plaintiff allow his body to adjust to the various medicines before modifying the medicines. Captain Keller, Captain Russell, and Major Tuck responded to Plaintiff's grievances, Nurse Quesenbury responded to Plaintiff's Health Service Requests forms, and Dr. Lenika, who is the Jail's mental health specialist, spoke to Dr. Ali about Plaintiff's medicines, per Plaintiff's requests. Dr. Lenika and Dr. Ali then made a change to one of the medicines, and Plaintiff's side effects improved.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions...." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff has failed to state a claim against any defendant. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not allege any facts involving Conmed Healthcare Management, Inc., and liability under § 1983 may not be predicated on respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).

Plaintiff does not describe any medical provider's deliberate indifference to a serious medical need. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Id.; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). Plaintiff's disagreement with medical personnel about the course of treatment also does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Plaintiff further fails to state a claim against Captain Keller, Captain Russell, and Major Tuck because their "after-the-fact denial of a grievance [or response to a letter] falls far short of

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

establishing § 1983 liability." DePaola v. Ray, No. 7:12-cv-00139, 2013 U.S. Dist. LEXIS 117182, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Wilson, J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)). Further, they are non-medical personnel who may rely on the opinion of medical staff regarding the proper treatment of Plaintiff. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Although the record shows Plaintiff has received grievance forms, Plaintiff does not have a federal right to the Jail's grievance forms. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

### III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTER:** This \_\_18th\_\_ day of April, 2014.

                                   /s/ James C. Turk
                                   Senior United States District Judge